UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TYLER DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:23-cv-00096-JPH-MKK |
| | ) |
| UNKNOWN DOCTORS, | ) |
| | ) |
| Defendant. | ) |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Tyler Davis is a prisoner currently incarcerated at Putnamville Correctional Facility ("PCF"). He filed this civil action alleging that he has received inadequate medical care. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Davis sues unknown doctors. He alleges that he suffers from back pain and that various unidentified doctors have failed to properly examine him or treat him for that pain. Specifically, he states that a doctor has recently told him that he has a bone infection or cancer that needs to be treated as soon as possible.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed. Mr. Davis's complaint is subject to dismissal because he has not identified the defendants. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Next, the Court notes that, because Mr. Davis states in his complaint that he is suing for violation of federal law, his claims are understood to be brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer

is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Several of the defendants – doctors at Community East and Eskenazi Hospitals – do not appear to have worked for the State of Indiana or provided care for prisoners under State authority. Accordingly, Mr. Davis has failed to state a claim against these defendants for violation of his constitutional rights under § 1983.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through April 7, 2023, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is**

**directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

The Court notes that Mr. Davis states in the Complaint, that, in September of 2022, he received "paperwork from the previous visits." Dkt. 2 at 3. That paperwork should identify the names of the doctors who previously treated him. If Mr. Davis believes he requires assistance from the Court in identifying the defendants, he may file a motion.

Any amended complaint should have the proper case number, 2:23-cv-96-JPH-MKK and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 3/14/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYLER DAVIS
292355
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only